**UNITED STATES of America, Petitioner,**

**v.**

**Mike HALE, in his official capacity as Sheriff of Jefferson County, Alabama, Respondent.**

**Case No.: 2:16–mc–01792–MHH**

United States District Court, N.D. Alabama, Southern Division.

Signed 06/30/2017

---

Jason R. Cheek, Joyce White Vance, Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Marlysha Myrthil, Steven H. Rosenbaum, Kristin E. Hucek, United States Department of Justice, Vanita Gupta, Attorney General's Office, Washington, DC, for Petitioner.

James E. Murrill, Jr, Keith Jackson, Robert R. Riley, Jr, Riley & Jackson PC, Birmingham, AL, for Respondent.

## MEMORANDUM OPINION
## AND ORDER

MADELINE HUGHES HAIKALA, UNITED STATES DISTRICT JUDGE

Pursuant to 42 U.S.C § 1997a–1, the United States of America asks the Court to enforce a Department of Justice (DOJ) subpoena against respondent Sheriff Mike Hale. (Doc. 1). The subpoena directs Sheriff Hale to release to the DOJ the mental health records of juvenile inmates housed in the Jefferson County jail. The subpoena also directs Sheriff Hale to allow the DOJ to interview those inmates. Sheriff Hale refuses to comply with the subpoena, arguing that the DOJ must obtain consent from

a parent, guardian, or criminal defense attorney to interview juvenile inmates and review their medical records. For the reasons discussed below, the Court grants the United States' petition to enforce the subpoena.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2015, pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a–1, the DOJ began an investigation of the treatment of juveniles housed at the Jefferson County jail. (Doc. 2, p. 2). The United States notified Sheriff Hale of the investigation. (Doc. 2, p. 2).

On June 24, 2015, attorneys for the DOJ met with Sheriff Hale and his legal counsel at the Jefferson County jail. (Doc. 2, p. 2). During that meeting, the DOJ attorneys toured the jail facilities. (Doc. 2, pp. 2–3). While at the jail, attorneys for the DOJ asked to interview juvenile inmates, and the attorneys requested the mental health records of juvenile inmates housed in the jail. (Doc. 2, p. 3; Doc. 9, p. 4).

In support of these requests, the DOJ presented a redacted email from the Southern Poverty Law Center (SPLC), which, according to the DOJ attorneys, gave those attorneys permission to speak with the juvenile inmates in question. (See Doc. 9, p. 8). Counsel for Sheriff Hale asked to attend the interviews. (Doc. 2, p. 3). The United States denied his request. In response, Sheriff Hale stated that the DOJ would have to have written authorization from the inmates' parents, guardians, or criminal defense attorneys to interview juvenile inmates. (Doc. 2, p. 3).

The DOJ does not believe that it needs permission from the parents of juvenile inmates to interview the inmates pursuant to a CRIPA investigation. To compel Sheriff Hale to authorize the interviews, the DOJ served a CRIPA subpoena on Sheriff Hale on April 13, 2016. (Doc. 2, p. 3). Sheriff Hale refused to comply with the subpoena, citing the psychotherapist-patient privilege and Alabama Code § 34–26–2. (Doc. 2, p. 4).

The Court issued an order directing Sheriff Hale to show cause in writing why the Court should not direct him to comply with the CRIPA subpoena. (Doc. 7). Sheriff Hale responded to the Court's order, and the Court heard oral arguments from both parties. (Docs. 9, 13). The issue is ripe for decision.

## II. ANALYSIS

Under CRIPA, 42 U.S.C. § 1997a–1(a), a DOJ attorney "may require by subpoena access to any institution that is the subject of [a CRIPA] investigation." See 42 U.S.C. § 1997a–1(a). The statute also authorizes a DOJ attorney to use a subpoena to gain access "to any document, record, material, file, report, memorandum, policy, procedure, investigation, video or audio recording, or quality assurance report relating to any institution that is" subject to a CRIPA investigation "to determine whether there are conditions which deprive persons residing in or confined to the institution of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." Id. The United States argues that § 1997a–1 grants the DOJ the authority to conduct interviews with juvenile inmates without the consent of a parent, guardian or legal counsel and to access the mental health records of those inmates. (Doc. 2, pp. 4–15). The United States argues that "[s]peaking with children about their conditions of confine-

ment—getting firsthand accounts—is a critical component of conducting a civil rights investigation." (Doc. 2, pp. 10–11).

 Sheriff Hale argues that CRIPA does not supersede Alabama Code § 26–1–1, which establishes 19 years as the age of majority. *See* ALA. CODE § 26–1–1 (1975). "[U]nder Alabama law, a person, who is under the age of 19 years, has not yet reached the age of majority so as to contract or otherwise give legally binding consent." *Stinson v. Larson*, 893 So.2d 462, 468 (Ala. Civ. App. 2004). Section 26–1–1 does not apply in this instance because the DOJ is not asking the juvenile inmates to enter into a contract or waive any rights. Instead, the DOJ is conducting an investigation to protect the well-being of the juveniles and to secure the inmates' civil rights. None of the information that the DOJ gathers will be used against the inmates. Section 1997a–1(c) provides that information obtained in a CRIPA investigation cannot be used for any purpose other than investigating conditions in a jail. 42 U.S.C. § 1997a–1(c). Sheriff Hale must yield to federal law and allow the CRIPA interviews of juvenile inmates to go forward.

 In addition, Sheriff Hale must provide to DOJ counsel the inmates' mental health records. The Court is not persuaded by Sheriff Hale's argument that the records are privileged under Alabama law and under the federal psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996); ALA. CODE § 34–26–2 (1975); (Doc. 9, pp. 19–20).[1] The DOJ properly relies on Fed-

eral Rule of Evidence 501 to gain access to the records for purposes of the CRIPA investigation.

Rule 501 provides in relevant part that "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless [a federal statute] provides otherwise [or] state law supplies the rule of decision." FED. R. EVID. 501. As noted above, CRIPA, a federal statute, provides that:

> the Department of Justice may require by subpoena access to any institution that is the subject of an investigation under this subchapter and to any document, record, material, file, report, memorandum, policy, procedure, investigation, video or audio recording, or quality assurance report relating to any institution that is the subject of an investigation under this subchapter to determine whether there are conditions which deprive persons residing in or confined to the institution of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 1997a–1(a). The DOJ explained at the hearing in this matter that the DOJ culls from inmates' mental health records blind statistical data that the department uses to assess the conditions at an institution. (*See* Doc. 13, pp. 36–38, 41–42). The DOJ does not capture information in a way that would compromise an inmate's privacy interest in his records. These mental health records "draw on source material otherwise unavailable to

---

1. Ala. Code § 34–26–2 provides that "the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same

basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."

the plaintiffs, and will likely prove extremely important" as the DOJ attempts to demonstrate "that the defendant[s'] policies and practices towards mentally ill prisoners [violate the prisoners'] constitutional rights." *Dunn v. Dunn*, 163 F.Supp.3d 1196, 1202 (M.D. Ala. 2016).

## III. CONCLUSION

For the reasons discussed above, the Court finds that 42 U.S.C. § 1997a–1 authorizes the Department of Justice to interview juvenile inmates and obtain access to the mental health records of juvenile inmates housed at the Jefferson County jail. Therefore, the Court **GRANTS** the DOJ's petition for the enforcement of its CRIPA subpoena. (Doc. 1).

The Court asks the Clerk to please close the file.

**DONE** and **ORDERED** this June 30, 2017.